IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30539
Summary Calendar
_____

MARION BECKENDORF,

Plaintiff-Appellant,

versus

SCHWEGMANN GIANT SUPER MARKETS,
INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 95-CV-3822-K
_____
December 18, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff Marion Beckendorf appeals from a summary judgment dismissing her claims for violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq., and for retaliation prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Because we find no error, we affirm the district court's award of summary judgment.

I

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendant Schwegmann Giant Super Markets, Inc. ("Schwegmann") employed Beckendorf as an Accounts Payable Audit Supervisor in April 1989. Beckendorf supervised one employee and was herself supervised by Robert Oertling. On July 28, 1994, Beckendorf suffered a severe anxiety attack. The following day, she went to see her personal physician, Dr. Scott Acosta, who diagnosed her as suffering from severe hypertension and anxiety. Dr. Acosta considered her malady a short-term disability and recommended that she not return to work at that time. Schwegmann granted her a leave of absence pursuant to its leave of absence policy and in accordance with the FMLA.

Throughout Beckendorf's period of disability, Dr. Acosta continued to see and treat her. He also filled out physician's statements on August 10, October 5, and November 15, 1994, noting each time that Beckendorf was totally disabled with respect to her regular occupation. Dr. Acosta did not release her to return to her previous job without restriction until December 6, 1994.

Beckendorf contends that she contacted Schwegmann in late September and October 1994 and inquired about returning to work. According to her, Schwegmann told her she would have to wait until Mr. Lee Janies, Schwegmann's Human Resources Director, returned from his own medical leave of absence before her concerns could be addressed. Following the expiration of Beckendorf's rights under

-2-

the FMLA, Schwegmann decided not to reinstate her to her former position because of continuing concerns over her health and her history of conflict with Mr. Oertling and others in the department.

Beckendorf met with Mr. Janies in December to discuss other alternatives for her within Schwegmann's employ. Mr. Janies mentioned the possibility of a job in shipping and receiving which required training and testing, paid less and involved no supervisory responsibilities. He did not offer her the job, however, and she did not return to work for Schwegmann. Schwegmann's established leave policy set out that any employee who had not returned to work upon the expiration of the maximum leave available under the FMLA would be fired. An exception existed for those employees eligible under the company policy to receive six months continued medical coverage. Such employees had up to six months to return to work, but any employee who had not returned after that time would be fired. Beckendorf was eligible for continued coverage but failed to return to work within the requisite time period. She was fired on January 29, 1994.

II

We review a district court's grant of summary judgment de novo, applying the same standard as would the district court. Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997); Estate of Bonner v. United States, 84 F.3d 196

(5th Cir. 1996).  Summary judgment is proper where the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  A factual dispute will preclude an award of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  When ruling on a motion for summary judgment, the inferences to be reasonably drawn from the underlying facts in the record must be viewed in the light most favorable to the nonmovant.  Matsushita Elec. Indus. Co. v. Zenith Radio, 106 S.Ct. 1348, 1356 (1986).  The court may not weigh the evidence nor make credibility determinations.  Anderson, 106 S.Ct. at 2511.

                              III

The evidence is undisputed that Dr. Acosta did not release Beckendorf to return to her position with Schwegmann until December 6, 1994--well after the expiration of the 12 weeks of leave provided by the FMLA.  Prior to that time, Dr. Acosta certified that Beckendorf was totally disabled from returning to her former position.  Relying on these undisputed facts, the FMLA and certain implementing regulations, the district court determined that Beckendorf's FMLA claim must fail.  The court similarly found

-4-

Beckendorf's summary judgment evidence insufficient to defeat Schwegmann's properly supported motion with respect to her retaliation claim.  The district court granted Schwegmann's motion for summary judgment and dismissed Beckendorf's claims.  Beckendorf now appeals.

One of the findings that prompted Congress to enact the FMLA was its belief that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4). In relevant part, the FMLA provides that:

> . . . an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
> . . . .
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612 (a)(1). When any eligible employee returns from leave taken pursuant to the FMLA, the employer must restore the employee to her previous position or an equivalent position. Id. § 2614(a)(1).[1]

_____

[1] In granting Schwegmann's motion, the district court relied on final regulation 29 C.F.R. § 825.214(b) which states:

> If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA.

Schwegmann cites to this regulation in its brief as support for its arguments that the district court properly granted its summary judgment motion. The quoted regulatory language is from the final regulations released by the Secretary of Labor that became effective April 6, 1995. The Family and Medical Leave Act of 1993, 60 Fed.Reg. 2180, 2180 (1995), as amended 60 Fed.Reg. 6658, 6658 (1995). Because Schwegmann terminated Beckendorf's employment on January 29, 1995, before the release of the final

A

Beckendorf contends that Schwegmann's failure to reinstate her to her former position violated the FMLA. Beckendorf began her leave of absence on July 29, 1994. Her 12-week window under the FMLA thus closed on October 21, 1994. Dr. Acosta released Beckendorf to return to her former position on December 6, 1994--more than six weeks after the 12-week deadline. He did not release her for any other position until November 1, 1994--almost two weeks after the deadline. Under either scenario, the unrefuted evidence indicates Beckendorf was physically unable to return to work until after her leave expired under the FMLA.

---

regulations, the interim regulations govern this leave dispute. Manuel v. Westlake Polymers Corp., 66 F.3d 758, 761 n.2 (5th Cir. 1995). Interim regulation § 825.214(b) provides:

> Ordinarily an employee will be restored to the same position the employee held prior to FMLA leave, with the same pay and benefits, if the position remains available. However, an employee has no right to return to the same position.

Neither party addresses this issue on appeal. In her response to Schwegmann's motion for summary judgment and in her appellate brief, Beckendorf cites to a provision of the Code of Federal Regulations in effect in 1994. She does not, however, cite as error the district court's reliance on the final regulations. In any event, application of the relevant interim regulations does not mandate a result different from that reached by the district court. Unless specifically designated as a final regulation, the regulations referenced in this opinion are those that were in effect in 1994.

This circuit has yet to address this specific factual situation,[2] but we agree today that Schwegmann did not violate the FMLA's express statutory provisions when it refused to reinstate Beckendorf.  The FMLA entitles an eligible employee to 12 weeks of leave.  As a district court has aptly put it:

> Common sense dictates that since the statute states that an employer must hold open an employee's position for twelve weeks during his or her leave of absence, that is exactly what the employer must do and no more.

Nunes, 1997 WL 638431, *5.  The interim regulations do not evince an interpretation contrary to that embraced by the district court.

---

[2]Neither party directed this court's attention to any controlling case law regarding the consequences befalling an employee who fails to return to work after the expiration of the maximum leave.  Although this circuit has not established any explicit precedent in this area, other courts have spoken to the issue.  See, e.g., Brown v. TransWorld Airlines, ___ F.3d ___, 1997 WL 610821, *7 (4th Cir. 1997) (affirming summary judgment in part because plaintiff conceded she took leave in excess of that required to be provided under the FMLA); Nunes v. Wal-Mart Stores, Inc., 1997 WL 638431, *5 (N.D.Cal. Sept. 24, 1997) (noting absence of case law in area, but holding that "[a]ccording to federal law, Wal-Mart's obligation to hold open Nunes' position continues for twelve weeks; after this period, the employer has no legal obligation to hold an employee's position open."); Watkins v. J&S Oil Co., 1997 WL 592149, *3 (D.Me. Sept. 15, 1997) (noting defendant would have no duty to provide plaintiff equivalent employment if plaintiff was unable to return to work after twelve weeks of leave; citing final regulations); Voskuil v. Environmental Health Ctr.-Dallas, 1997 WL 527309, *9 (N.D.Tex. Aug. 18, 1997) (same); Soodman v. Wildman, Harrold, Allen & Dixon, 1997 WL 106257, *8 (N.D.Ill. Feb. 10, 1997) (same); Urbano v. Continental Airlines, Inc., 1996 WL 767426, *4 (S.D.Tex. Nov. 1, 1996) (noting plaintiff failed to indicate any FMLA provision requiring reinstatement when plaintiff still could not perform her original job after leave expired).

Interim regulation § 825.214(b) provides that "[o]rdinarily an employee will be restored to the same position the employee held prior to FMLA leave." 29 C.F.R. § 825.214(b). "FMLA leave," as that term is employed in the interim regulation, obviously may not refer to more than the maximum amount of leave required to be provided under the Act. Thus, the interim regulation contemplates the return of the employee to his or her same position after exhaustion of "FMLA leave," 12 weeks being the maximum amount. The final regulations lend support to this interpretation. Final regulation § 825.214(b) states that "[i]f an employee is unable to perform an essential function of the position . . ., the employee has no right to restoration . . . under the FMLA." 29 C.F.R. § 825.214(b). Beckendorf never returned from her FMLA leave and her right to be reinstated thus never arose. Another way of putting it is that once her leave expired, any right to restoration also expired and Schwegmann was no longer under any express statutory duty imposed by the FMLA to reinstate Beckendorf.[3]

---

[3]Interestingly, Beckendorf alludes to another basis upon which Schwegmann could have relied in denying reinstatement. Section 825.312 of the interim regulations says that "an employer may deny restoration . . . if an employee fails to provide a requested fitness-for-duty certification to return to work." 29 C.F.R. § 825.312. Beckendorf concludes that "[a]ccording to the Regulation, Schwegmann could deny restoration until Beckendorf provided the certificate." It is undisputed that Beckendorf's doctor could not have provided such a fitness-for-duty certificate until well after the expiration of FMLA leave.

Beckendorf alternatively argues that Schwegmann's actions misled her with respect to her rights under the FMLA. Specifically, she contends that when she called Schwegmann in September and October inquiring about returning to work and was told that she would have to wait for the return of Mr. Janies, her 12-week window remained open until such time as she spoke with Mr. Janies. Schwegmann denies that it instructed Beckendorf to wait for Mr. Janies' return. While these facts may be disputed, they are immaterial to the resolution of this appeal.

The undisputed facts illustrate Beckendorf's physical inability to return to her former position, or any position, until after the expiration of her statutory leave period. She cannot argue that she would have returned to work earlier, when her right to restoration remained ripe under the express provisions of the FMLA, except for her reliance on Schwegmann's actions and that her rights under the FMLA should thus be extended so as to disallow Schwegmann any benefit from its misleading behavior. She could not have relied to her detriment on Schwegmann's instructions to wait for the return of Mr. Janies because she physically could not have returned to work before the expiration of her FMLA leave.[4] No

---

[4]This circuit has not addressed whether an employee's maximum amount of leave under the FMLA may be extended due to some bad action on the part of the employer. We need not resolve that issue

genuine issue of material fact exists with respect to this matter and the district court correctly dismissed this argument.

C

Beckendorf also invites us to hold that Schwegmann's company policy of allowing up to six months leave time extended her FMLA rights a parallel amount of time. While the FMLA encourages employers to provide more than the minimum 12 weeks of leave,[5] the fact that employers do so alone is not indicative of their intention to likewise extend their employees' statutory rights.[6] There is no evidence in the record indicating that Schwegmann's company leave policy extended Beckendorf's FMLA leave rights.[7] This contention offers Beckendorf no relief. The record indicates that no genuine issues of material fact exist with respect to

---

here because, assuming arguendo that such an extension was available under the FMLA, Beckendorf would still not be entitled to the extra protection under these facts.

[5]Section 2653 provides that "[n]othing in this Act . . . shall be construed to discourage employers from adopting or retaining leave policies more generous than any policies that comply with the . . . Act . . . ." 29 U.S.C. § 2653.

[6]Section 825.700(a) provides in relevant part that "[i]f an employer provides greater unpaid family leave rights than are afforded by FMLA, the employer is not required to extend additional rights afforded by FMLA." 29 C.F.R. § 825.700(a).

[7]Beckendorf attempts to argue that the facts state a claim for breach of Schwegmann's company policy. Such an action is not cognizable under the FMLA, however.

Beckendorf's claims under the FMLA.  The district court properly granted Schwegmann's motion for summary judgment in this respect.

V

Beckendorf also alleges that Schwegmann retaliated against her in violation of Title VII when it refused to reinstate her and ultimately fired her.  To prove a prima facie case of retaliation, the plaintiff must demonstrate that: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal connection existed between the participation in the protected activity and the adverse employment action.  Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996); Dollis v. Rubin, 77 F.3d 777, 781 (1995).  Schwegmann disputes only Beckendorf's establishment of the causation factor.

Before Schwegmann terminated her employment, Beckendorf had filed two charges with the EEOC alleging that Oertling and Schwegmann had discriminated against her.  Her first charge, filed in July, 1989, was dismissed by the EEOC in May, 1990.  Her second charge, filed in September, 1991 was dismissed a year later.  After Beckendorf's right to leave under the FMLA expired, Schwegmann decided not to reinstate her to her former position because of "past difficulties" with Mr. Oertling, concern for her health, and the fact that the Auditing Department was running smoothly without

her, according to affidavits filed as part of the summary judgment record.

Beckendorf argues that the "past difficulties" to which Schwegmann alludes include her claims filed with the EEOC. Schwegmann urges this court to hold that the lapse of time between the protected activity and the adverse employment action mandates summary judgment against Beckendorf. See Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1092 (5th Cir. 1995) (noting timing is significant but not determinative); Shirley v. Chrysler First, Inc., 970 F.2d 39, 43-44 (5th Cir. 1992) (same). In this case, over three years had passed since Beckendorf's last EEOC filing. While the past EEOC filing alone may not be sufficient to overcome a summary judgment motion, the past filing, along with inferences drawn from Schwegmann's own statements are sufficient to create a genuine issue of material fact as to the final element of Beckendorf's prima facie case.

However, Beckendorf has not demonstrated a fact issue concerning whether or not Schwegmann's proffered legitimate non-discriminatory reasons were a pretext for discrimination. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2752 (1993). When confronted with a properly supported motion for summary judgment, the plaintiff may not simply rely on her pleadings to escape judgment as a matter of law. Fed.R.Civ.P. 56(e); S.E.C. v. Recile,

10 F.3d 1093, 1097 (5th Cir. 1993). Schwegmann presented unrefuted evidence that Beckendorf was terminated in accordance with Schwegmann's standard leave of absence procedures. That is, an employee who has not returned to work upon expiration of the maximum leave available under FMLA is terminated unless she is eligible under company policy (as Beckendof was) for medical coverage for up to six months. Any employee who does not return to work after six months is terminated. There is no evidence that the company varied from this policy in Beckendorf's case or in any other case. The district court properly granted Schwegmann's motion for summary judgment with respect to Beckendorf's retaliation claim.

VI

The district court committed no error when it granted Schwegmann's motion for summary judgment and we affirm for essentially the same reasons as set forth by that court. The evidence is undisputed that Beckendorf was physically unable to return to work before the expiration of the maximum amount of leave provided under the FMLA. After the exhaustion of her 12 weeks of leave, Beckendorf's right to reinstatement under the Act collapsed. Schwegmann did not violate the FMLA by refusing to restore Beckendorf to her former position. The evidence is also insufficient to create a genuine issue of material fact as to

-14-

Beckendorf's claims that she reasonably relied upon Schwegmann's actions to her detriment and that Schwegmann's company leave policy extended her statutory rights.  Finally, the record is completely devoid of any evidence that Schwegmann terminated Beckendorf's employment in retaliation for her engagement in an activity protected under Title VII.

The judgment of the district court is hereby

A F F I R M E D.